HENRY B. PLANT, plaintiff in error, vs. JOSIAH STOVALL, defendant in error.

The plaintiff brought an action against the defendant as a common-carrier to recover the value of a certain quantity of lumber shipped on board a steamboat running on the Savannah river, from the city of Augusta to Savannah, and it appeared from the evidence that the boat and cargo was lost by the carelessness of the engineer of the boat, and the defendant, on the trial, set up as a defence that he was not liable to the plaintiff for the loss of the lumber, under the provisions of the Act of Congress of 3d March, 1851; which defence was overruled by the Court below on a motion for a new trial: *Held*, that as the steamboat was running on the Savannah river, which is within the limits and jurisdiction of this State, that said river is within the *exception* of the Act of Congress of 1851, which provides "that the Act shall not apply to the owner or owners of any canal-boats, barge or lighter, or to any vessel of any description whatsoever, *used in rivers or inland navigation*," and that there was no error in the Court below in overruling the motion for a new trial on the several grounds stated in the motion therefore.

Common-Carriers.   Acts of Congress.   Before Judge GIBSON.   Richmond Superior Court.   January Term, 1869.

Stovall sued Plant, averring that he was a common-carrier by the steamer Eclipse, from Augusta, Georgia, to Savannah, Georgia, and intermediate points on the Savannah river, and that as such he received certain lumber, etc., on the 27th of December, 1866, to be conveyed to Savannah, and carelessly, etc., failed to deliver it, to Stovall's damage $2,000 00. Stovall proved the delivery of the lumber, etc., on said steamer at Stovall's landing, on said river, for delivery at Savannah, its value and its loss.   It was shown that the Eclipse was blown up about twenty or thirty miles above Savannah, that the boat, lumber, etc., sunk, and were a total loss, that Stovall's agent proposed going with rafts to save it, but the agent of the Eclipse declined giving him authority to interfere with the lumber, etc., short of Savannah, and that part, at least, could have been saved if an effort had been made by defendant.   Stovall's counsel then read in evidence the enrolment of said steamer, dated Jan-

Plant *vs.* Stovall.

uary 1st, 1866, whereby it appeared in conformity to the Acts of Congress of February 18th, 1793, and May 6th, 1864, that one Milliken owned five-twelfths and Plant owned seven-twelfths of said steamer, etc. It was admitted that Milliken was dead.

The defendant showed that when the Eclipse was at Purysburg landing, on the South Carolina side of the river, wooding, the engine exploded, the Eclipse sank, and her cargo was lost; that this bursting of the boiler was caused by the engineers carelessly failing to clear out the boiler as often as was usual and necessary; that neither Plant nor Milliken was present at the time; that the tide runs up said river above said Purysburg; that the Eclipse was engaged in the river trade between said Savannah and Augusta, stopping at points on either side, but seldom, however, on the Carolina side.

Plant's counsel requested the Court to charge the jury that if the Eclipse was lost while engaged in navigation in tide water, and between Georgia and South Carolina, then such navigation is a part of the inter-State commerce, and under the Constitution, is under the control of Congress; that if said facts existed, Plant, under the Act of Congress of 1851, is liable only for the value of his interest in the Eclipse and her freights, if he were not engaged in or conniving at the negligence which caused the loss; that if there was a total loss of the vessel and cargo, in the course of the voyage, no freights were earned, and Plant had no interest in the freights; that if the vessel and cargo were a total loss, during the voyage, Plant had no further interest in the vessel and freight, and is relieved from liability to Stovall under said Act of 1851.

The Court refused so to charge, and Stovall had a verdict and judgment for the proven value of the lumber, etc. Plant's counsel moved for a new trial, upon the grounds, that the verdict was contrary to the evidence and law, and because of said refusal to charge as requested. The new trial was refused, and that is assigned as error.

JOSEPH P. CARR, for plaintiff in error.

A. R. WRIGHT, by W. HOPE HULL, for defendant in error.

The South Carolina R. R. Co., *et al.*, *vs.* Ells, J. P., *et al.*

WARNER, J.

The error assigned to the judgment of the Court below in this case is the refusal to grant a new trial on the grounds specified in the motion therefor. On examination of the record we find no error in the judgment of the Court. The Act of Congress of 3d March, 1851, under the provisions of which the defendant sought to protect himself from liability, expressly provides, "that the Act shall not apply to the owner or owners of any canal-boat, barge or lighter, or to any vessel of any description whatsoever, *used in rivers or inland navigation.*" The Savannah *river*, on which the boat was lost, is within the limits and jurisdiction of this State, and is, therefore, *within the exception* made by the Act of Congress of 3d March, 1851.

Let the judgment of the Court below be affirmed.